[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a zoning matter. The plaintiff, Clement Gazzillo, Jr., appeals from a denial by the defendant Zoning Board of Appeals of the City of West Haven ("the ZBA") of plaintiffs application for a variance to permit residential use of the first floor of a building owned by the plaintiff, designated as 609 Savin Avenue, in West Haven.
A hearing on this appeal was held on March 9, 1999, at which both parties appeared and were represented by counsel, at which time the court found the plaintiff aggrieved for the purpose of taking this appeal. CT Page 3827
 II
It is undisputed that the building in question is located in the Central Business District, and that under the applicable regulations residential use of said building is not permitted on the first floor. The plaintiff purchased the subject property on or about June 24, 1998. Prior to his purchase, he visited the office of the West Haven Tax Assessor and was told by the tax assessor that the subject property was zoned for mixed commercial/residential use. When the plaintiff inquired as to how he could change the "mixed" use to purely residential use, the tax assessor allegedly told the plaintiff that all he needed to do was to "pull" a building permit. The building inspector would forward the paperwork to the tax assessor and the latter would make the change to show the property as residential for both first and second floors. Following his purchase of the property, the plaintiff met with the building inspector, who directed the plaintiff to the offices of the zoning department, where he was told he would need to apply to the ZBA for a variance, to permit him to use the first floor for residential purposes.
By application dated July 1, 1998 (#98.28), the plaintiff requested he be allowed "to change conforming use of office on First Floor to residential Apartment". The hardship stated in support of the application was: "Difficulty in renting to commercial use and would like to resume to residential use" (Return of Record, Exhibit A).
A hearing on said application was held on August 19, 1998 (ROR Exhibit H), following which, on the same date, the ZBA met and voted unanimously to deny said application. This appeal followed.
 III
The plaintiff claims that the defendant ZBA acted illegally and arbitrarily in denying his application in that such denial denied the plaintiff "the highest and best use" of the first floor of the subject premises so as to be confiscatory in nature; that there would be little or no effect on the comprehensive zoning plan of the City were the ZBA to have granted the application at issue; and that the plaintiff has suffered a two-fold hardship; first, in that he had purchased the subject property in reliance on the tax assessors assurance that the CT Page 3828 desired zoning change could be accomplished without difficulty; and second, the denial so affected the value of the property as to constitute confiscation, in that the first floor has little or no commercial value.
 IV
Pursuant to General Statutes, Section 8-6 (a)(3), the ZBA has the power and duty "to determine and vary the application of the zoning bylaws, ordinances and regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . .". The West Haven Zoning By-Laws further provide that." . . . the Zoning Board of Appeals may vary the strict enforcement of these Regulations whenever particular hardship is established. This power shall be used in only those circumstances wherein practical difficulty has made these regulations almost impossible and/or renders the property unusable . . ."
A ZBA is authorized to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for economic gain is the proper basis for granting a variance, Bloom v. Zoning Board of Appeals,233 Conn. 198, 207-8 (citations, internal quotation marks, omitted). Variances cannot be personal in nature, and may be based only on property conditions, Reid v. Zoning Board of Appeals,235 Conn. 850, 857 (citation omitted). Because the court finds that any hardship suffered by the plaintiff is self-created, the court will deny this appeal. CT Page 3829
 V
The plaintiffs claim that the ZBA's denial of his application for variance denied him the highest and best use of his property need not long detain us. Moreover, the plaintiff has not directed the court to any statute, regulation or appellate decision requiring or permitting a ZBA to utilize the criterion of "highest and best use" as a basis for, or factor to be utilized in, acting on an application for variance. The plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant ZBA, in denying the plaintiffs application for variance, denied the plaintiff the highest and best use of his property so as to amount to confiscation. Moreover, there was no evidence to support the claim that the subject property was rendered unusable by the ZBA's decision; the first floor continues to be usable for commercial purposes.
The plaintiff, in claiming hardship by virtue of his reliance on erroneous information allegedly given him by the tax assessor, is raising a claim of estoppel, that is, that the City and its ZBA should be bound by the assurances given the plaintiff by a town official in the course of her performing official duties.
"Estoppel against municipalities is . . . limited and may be invoked against the enforcement of zoning regulations (1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations, Gelinas v.West Hartford, 225 Conn. 575, 590 (citation omitted).
Here, the plaintiff purchased the property at issue with knowledge that residential use of the first floor was not allowed under the zoning regulations. He chose to rely on information given him by the tax assessor, while failing to consult officials charged with zoning responsibilities until after he purchased the subject property. The tax assessor was not an agent having authority in such matters The court finds that any hardship suffered by the plaintiff is self-created and that the ZBA is not estopped from denying the application at issue.
 VI
The court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant ZBA, CT Page 3830 in denying the plaintiffs application for variance, acted illegally, arbitrarily or in abuse of its discretion.
Accordingly, the relief requested is denied and the petition is dismissed.
By the Court,
Downey, J.